STATE of Missouri, Respondent,

v.

PLANNED PARENTHOOD OF KANSAS AND MID–MISSOURI and Planned Parenthood of the St. Louis Region, Appellants,

and

Maureen Dempsey as the Director of the Missouri Department of Health, Appellant.

No. SC 82226.

Supreme Court of Missouri, En Banc.

Jan. 31, 2001.

Arthur A. Benson II, Jamie K. Lansford, Arthur Benson & Associates, Kansas City, Roger K. Evans, Planned Parenthood Federation of America, New York, NY, Curtis E. Woods, Lana M. Knedlik, Sonnenscheim Nath & Rosenthal, Kansas City, for appellants Planned Parenthood of Kansas and Mid-Missouri and Planned Parenthood of the St. Louis Region.

Jeremiah W. (Jay) Nixon, Attorney General, Charles Hatfield, Joel E. Anderson, Rikki L. Jones, Assistant Attorneys General, Barbara J. Wood, General Counsel, Missouri Department of Health, Jefferson City, for appellant Dempsey.

Jordan B. Cherrick, Spec. Asst. Atty. Gen., Jeffrey R. Fink, Thompson Coburn, St. Louis, for Respondent State of Missouri.

PRICE, Chief Justice.

## I.

Planned Parenthood of Kansas and Mid–Missouri, Planned Parenthood of the St.

Louis Region (collectively, planned parenthood), and Maureen Dempsey, M.D., the director of the Missouri Department of Health (director) appeal the judgment of the Circuit Court of Cole County, Missouri. The circuit court granted declaratory judgment against both planned parenthood and the director, enjoined planned parenthood from receiving state family planning funds, and ordered the funds previously paid out to be returned. The court also enjoined the director from distributing state family planning funds to planned parenthood and ordered her to follow the plain language of the appropriations bill.

The judgment is vacated and the case is remanded.

## II. Facts

Each year, the Missouri General Assembly appropriates state funds to the department of health for family planning services. In 1999, the General Assembly enacted section 10.705 (section 10.705) as a part of House Bill No. 10. 1999 *Laws of Mo.* 127–30. The bill appropriated state funds to the department of health to fund family planning services, pregnancy testing and follow-up services. Section 10.705 required that none of the appropriated family planning funds be expended directly or indirectly to subsidize abortion services or abortion-related administrative expenses.

Section 10.705 forbids organizations that receive state family planning funds from directly referring patients to abortion service providers, including agencies affiliated with them. It also forbids recipient organizations from displaying or distributing marketing materials about abortion services. Under section 10.705, an organization that is affiliated with an abortion service provider could receive funds so long as it was independent from the abortion service provider based on name, shared facilities, shared expenses, shared employees or shared supplies and equipment.

In June 1999, the director entered into contract amendments with planned parenthood. The amendments extended the department of health's then existing family planning services contract with planned parenthood. The contract extension contained clauses that required the organizations receiving the funds to not have the same name as an abortion provider, to not share medical facilities with an abortion provider, and to not share expenses, employees, or equipment and supplies with an abortion provider. Planned parenthood received funds under the contract and section 10.705.

Planned parenthood filed suit in the United States District Court for the Western District of Missouri challenging the constitutionality of section 10.705.[1] At the request of the Missouri General Assembly, the attorney general appointed Jordan B. Cherrick as a special assistant attorney general (SAAG) to represent the State in the federal lawsuit.

On July 1, 1999, the attorney general sent Mr. Cherrick an engagement letter. The letter stated, "You are hereby appointed as a special assistant attorney general for the purpose of filing a motion to intervene as a defendant in [*Planned Parenthood v. Dempsey*]. Should that motion be granted, your appointment would continue for purposes of defending against Planned Parenthood's challenge to the constitutionality of [section] 10.705."

The SAAG moved to intervene in the federal suit to defend the constitutionality of section 10.705. The SAAG also filed this suit on behalf of the State in the state circuit court. In the state action, the SAAG asked for: 1) a declaration that section 10.705 is constitutional under the United States Constitution and the Missouri Constitution; 2) a declaration that section 10.705 did not incorporate any Missouri corporations statutes concerning "same" or "similar" name; and 3) a decla-

---

1. *Planned Parenthood v. Dempsey,* United States District Court for the Western District of Missouri, Western Division, Case No. 99–4145–CV–C–NKL (1999).

ration that planned parenthood was ineligible to receive state family planning funds under section 10.705. The SAAG also moved to enjoin planned parenthood from receiving any state family planning funds and asked the circuit court to issue a temporary restraining order precluding planned parenthood from receiving state family planning funds. The SAAG also sought return of the funds that planned parenthood had already received. Planned parenthood filed a motion in the federal court asking that court to abstain and stay the federal case until the state case had been resolved. The federal court granted the abstention motion and the stay.

In the state case, planned parenthood filed a motion to join the director as a necessary party defendant to the action. The director consented, and the SAAG did not object. The director is represented by the attorney general pursuant to section 27.050, RSMo 1994. The SAAG amended his complaint to include claims against the director, seeking a declaratory judgment and injunctive relief to prevent the director from distributing funds to planned parenthood.

On July 6, 1999, the attorney general sent Mr. Cherrick another letter regarding his appointment. In this second letter the attorney general noted, "[Y]ou have filed various documents in this case without consulting with either the Senate Administration Committee or this office. Also, I have been informed that you have taken positions in those filings that may not be consistent with the position of the Committee."

On July 29, 1999, the attorney general sent Mr. Cherrick a third letter. This letter withdrew the July 1 appointment. It re-appointed Mr. Cherrick as SAAG but contained clearer limits on the scope of the appointment. The July 29 letter stated, "[Y]ou are hereby appointed as a special assistant attorney general for the purpose of filing a motion to intervene on behalf of the State of Missouri in [planned parenthood's constitutional challenge to section 10.705 in federal court]. Should that motion be granted, your appointment would continue for purposes of defending the constitutionality of House Bill 10, [section] 10.705 in the above referenced case." The letter also informed Mr. Cherrick that he was "also appointed as a special assistant attorney general for the limited purpose of pursuing an action in a circuit court of the State of Missouri, on behalf of the State of Missouri, against planned parenthood challenging planned parenthood's right to receive family planning funds under House Bill 10, [section] 10.705 and to defend the constitutionality of House Bill 10, [section] 10.705." The attorney general added, "Your appointment does not authorize you to file an action against the director or any other state official in state court." The SAAG did not drop any of his state court claims against the director.

On November 16, 1999, the circuit court entered judgment in favor of the State. The court ruled that planned parenthood is ineligible to receive state family planning funds because it refers patients directly to abortion service providers, distributes marketing materials about abortion services, shares a name similar to an abortion service provider, and shares facilities, employees, and equipment with an abortion service provider. The circuit court enjoined planned parenthood from receiving state family planning funds. The court also ordered planned parenthood to repay the funds it had already received under section 10.705. The circuit court enjoined the director from distributing any family planning funds to planned parenthood, and ordered the director to comply with the plain language of section 10.705. The circuit court also found that section 10.705 did not violate the United States Constitution or Missouri Constitution.

### III. The Claims Against the Director
#### A.

Appellants contend that the trial court erred in granting judgment against the director in her official capacity. Appellants

assert that the SAAG lacks standing to sue the director because the attorney general lacks the power to sue a director of a state agency in her or his official capacity. In essence, planned parenthood makes the claim that the state cannot sue itself.

This case raises serious issues concerning justiciability and state sovereignty. The record before us, however, is inconsistent as to the threshold issue of what authority the attorney general actually has granted the SAAG to pursue the claims brought against Maureen Dempsey in her official capacity. A detailed review of the record in this regard is in order.

The attorney general authorized the SAAG to file a suit against planned parenthood in state court. In the state suit, the SAAG sought declaratory judgment from the state court that section 10.705 is constitutional with respect to the United States Constitution and the Missouri Constitution. He also asked for a declaration that planned parenthood was ineligible to receive state family planning funds according to section 10.705. These actions are not inconsistent with defending a law from a constitutional challenge.

 Seeking a declaratory judgment in state court can be viewed as an effective means of defending the constitutionality of the statute. Having a state tribunal determine and interpret state law may limit the scope of a federal court's jurisdiction. *See Michigan v. Long*, 463 U.S. 1032, 1041, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). On certain issues a federal court will be bound by the judgment of a state court. *Id.* But the SAAG moved a step beyond that strategy. When the director was joined, the SAAG filed cross-claims against her. The cross-claim included declaratory judgment and injunctive relief against the director.[2]

2. Whether a counterclaim would be the proper action rather than a cross-claim is not decided.

3. The attorney general states in the letter that he has turned supervision of the litigation involving House Bill 10 over to the senate administration committee and instructs the

In his second letter, the attorney general reminded the SAAG that he had been appointed solely for the purpose of defending the constitutionality of section 10.705. In the letter, the attorney general remarked that some of the motions and other documents that the SAAG had filed did not directly pertain to the scope of the appointment. The letter warns the SAAG that his actions in state court are not necessarily consistent with the position of the senate administration committee or the attorney general.[3]

In a third letter, dated July 29, 1999, the attorney general explicitly explains the purposes for which the SAAG is appointed and the authority he has been granted. First, the SAAG is granted the authority to intervene in planned parenthood's federal court constitutional challenge to section 10.705 and, if the motion to intervene is granted, to defend the constitutionality of the bill in the federal case. Second, the attorney general grants the SAAG the authority to proceed with an action in a Missouri circuit court against planned parenthood challenging its right to receive state family planning funds and defending the constitutionality of section 10.705. However, the attorney general specifically forbids the SAAG from maintaining any action against the director or any other state official.

**B.**

The SAAG's claims in this lawsuit against the director in her official capacity appear to exceed and violate his express instructions from the attorney general. Yet, the attorney general has neither discharged the SAAG nor made any objection in the trial court to his actions.

SAAG to follow its directions and seek its approval for actions he wishes to take. Whether such a delegation of authority to the legislative department by the executive department violates article II, section 1 of the state constitution is not a question raised by the parties.

We will not speculate as to the authority granted by the attorney general to the SAAG based upon the uncertain record before us. Nor will we prematurely address the significant constitutional issues that arise from the SAAG's actions, including but not limited to: whether the state is a single legal entity that cannot sue itself; whether the attorney general can sue a state employee in his or her official capacity without allegation of ultra vires acts; whether the attorney general may represent multiple state actors with differing interests.

Instead, we vacate the judgment and remand to the trial court to allow the attorney general the opportunity to clearly and specifically state the authority granted to the SAAG for the purposes of pursuing this lawsuit. If the attorney general does not grant to the SAAG the authority to pursue these claims against the director in her official capacity, they must be dismissed. If the SAAG is authorized to pursue these claims, the various constitutional issues inherent in such an action and the proper role of the attorney general in it will be ripe and require resolution.

### IV. The Claims Against Planned Parenthood

Counts I, II and III of the SAAG's petition seek declaratory relief against planned parenthood. The counts ask for declarations that section 10.705 is constitutional, that section 10.705 does not incorporate any Missouri corporations statutes, and that planned parenthood is not eligible under section 10.705 for any state family planning funds. In Count IV of the petition, the SAAG seeks injunctive relief against planned parenthood. The SAAG asks the circuit court to issue a temporary restraining order, a preliminary injunction, and a permanent injunction against planned parenthood prohibiting it from applying for or obtaining state family planning funds under section 10.705.

The attorney general authorized the SAAG to seek the types of declarations requested in Counts I, II and III of the petition. The attorney general's letters of engagement also implicitly authorize the SAAG to seek equitable relief against planned parenthood as a means to challenge its eligibility for state family planning funds. The attorney general grants the SAAG the authority to "purs[ue] an action in a circuit court ... against planned parenthood challenging planned parenthood's right to receive family planning funds under House Bill 10, [section] 10.705." Seeking injunctive relief can be an effective method of challenging the receipt of those funds. The claims against planned parenthood are authorized by the attorney general.

The attorney general, on behalf of the director, and planned parenthood challenge the constitutionality of the language in section 10.705 that places various conditions on the granting of family planning funds. These parties claim that the addition of purportedly substantive provisions in this appropriations bill violates article III, section 23 of the Missouri Constitution, which prohibits multiple subjects in a single bill. It is not necessary to reach this claim. Here, the language of the bill approves of grantees' conduct if it is consistent with the federal Title X program.

Title X is the federal family planning program. The program subsidizes family planning services to low income individuals. Section 10.705 specifically provides that organizations receiving federal funds pursuant to Title X may perform any service that must or shall be provided pursuant to that title or the program guidelines published by the United States Department of Health currently in effect.

After the circuit court had entered its judgment in this case, new guidelines were published in July 2000. The judgment of the trial court on Counts I, II, III, and V is based in part on the fact that the circuit court found planned parenthood to have violated section 10.705 by distributing "marketing materials" about abortion ser-

vices and by making client referrals to abortion service providers. Appellants assert that these activities must or shall be provided under Title X, 42 U.S.C. secs. 300 *et seq.*, and the pertinent regulations.

The new regulations to Title X state that a Title X grantee must:

(i) Offer [the] pregnant woman the opportunity to [be] provided information and counseling regarding each of the following options: Prenatal care and delivery; infant care, foster care, or adoption; and pregnancy termination.

(ii) If requested, to provide such information and counseling, provide neutral, factual information and nondirective counseling in each of the options, and referrals upon request, except with respect to any option(s) about which the pregnant woman indicates she does not wish to receive such information and counseling. 42 C.F.R. 59.5(a)(5); 65 Fed.Reg. 41279.

The judgment against planned parenthood is based in significant part on the fact that planned parenthood allegedly refers clients to abortion providers and distributes marketing materials about abortion services to clients. Marketing materials and referrals may be a necessary part of the requirement of full neutral information disclosure under Title X. The circuit court did not include in its judgment any determination of the effect Title X and its regulations have on the issues raised by the parties. In order to evaluate the effect of these new regulatory guidelines on section 10.705, the judgment as to planned parenthood is vacated, and the case is remanded. On remand, the trial court should determine the applicability of Title X to the claims raised in accordance with the express language of section 10.705.

## Conclusion

For the foregoing reasons the circuit court judgment is vacated. As to the claims against the director, the circuit court is directed to require the attorney general to clearly and specifically indicate the extent of the authority granted to the SAAG to pursue those claims and to take such further action thereafter as are consistent with this opinion. As to the claims against planned parenthood, the circuit court is directed to reconsider its judgment in light of the Title X regulations and to take such further actions thereafter as are consistent with this opinion.

LIMBAUGH, WHITE, HOLSTEIN, WOLFF and BENTON, JJ., and RUSSELL, Sp. J., concur.

COVINGTON, J., not participating.