See also 66 S.W.3d 16.

**STATE ex rel. PLANNED PARENT-HOOD OF KANSAS AND MID–MISSOURI and Planned Parenthood of the St. Louis Region, Relators,**

v.

**The Honorable Byron L. KINDER, Judge, Circuit Court of Cole County, Missouri, Respondent.**

No. SC 84394.

Supreme Court of Missouri,
En Banc.

July 23, 2002.

Jamie K. Lansford, Arthur A. Benson, II, Curtis E. Woods, Lana Knedlik, Kansas City, Roger K. Evans, Donna Lee, New York, NY, for Relators.

Jeremiah W. (Jay) Nixon, Atty. Gen., Paul R. Maguffie, Joel E. Anderson, Asst. Attorneys General, Jefferson City, for Respondent.

## PER CURIAM.

In *State v. Planned Parenthood of Kansas and Mid–Missouri*, 66 S.W.3d 16 (Mo. banc 2002), this Court determined that the attorney general had a conflict of interest because he represented parties on both sides of the underlying case. This Court remanded the case to the circuit court with the instruction that "the attorney general shall make a decision as to whether to pursue the claim that the director acted illegally in entering into the contracts or to dismiss the case." *Id.* at 20.

After this Court's opinion, the attorney general filed a motion to dismiss with prejudice. The respondent trial judge took up the motion, refused to grant it, and appointed a special master to conduct an investigation on the issue of conflict of interest. After the report of the special master, filed with the circuit court on May 1, 2002, the attorney general filed an amended motion to dismiss with prejudice or, in the alternative, without prejudice.

On May 28, 2002, this Court issued an alternative writ of mandamus commanding the respondent trial judge to allow the attorney general "to dismiss without preju-dice Cause No. 19VO19901010, entitled State of Missouri, plaintiff, v. Planned Parenthood of Kansas and Mid–Missouri and Planned Parenthood of the St. Louis Region, defendants, or to show cause" why he should not do so.

Respondent filed his return and answer.

A writ of mandamus will issue where a court has exceeded its jurisdiction or authority. *State ex rel. Schnuck Markets, Inc. v. Koehr*, 859 S.W.2d 696, 698 (Mo. banc 1993). The writ will lie both to compel a court to do that which it is obligated by law to do and to undo that which the court was by law prohibited from doing. *State ex rel. Leigh v. Dierker*, 974 S.W.2d 505, 506 (Mo. banc 1998). The purpose of the writ is to compel the court to do what it is obligated to do by law, specifically in this case, to follow the prior opinion and mandate of this Court. In its prior opinion, this Court, after discussion of the attorney general's statutory powers and duties, determined that the attorney general may dismiss this case. 66 S.W.3d at 19–20. *See also*, 37 S.W.3d 222 (Mo. banc 2001).

Dismissal of the case at the behest of the attorney general, whether denominated with or without prejudice, is without prejudice to an action by a taxpayer. This Court, as noted, previously determined that the attorney general could pursue the state's claim. If the attorney general had chosen to pursue the claim, the trial court could have held further proceedings in the case, including consideration of an application for permissive intervention by a taxpayer. However, once the attorney general asserted his intention to dismiss this case, in accordance with this Court's opinion, respondent trial judge lacked authority to go beyond this Court's prior opinion and mandate. *See Searcy v. Searcy*, 38 S.W.3d 462, 471 (Mo.App.2001).

This matter does not involve an application by a taxpayer who can claim a right to intervene. A taxpayer may bring a separate action, independent of the attorney general. Thus, there is no right to intervene here because the disposition of this action will not impair or impede the proposed intervenor's ability to protect his interests. Rule 52.12(a).

Respondent considered the attorney general's original motion to dismiss. The trial judge exceeded his authority by failing to grant the motion to dismiss.

There is now pending the attorney general's amended motion to dismiss that apparently has not been called up for hearing in the circuit court. When the amended motion to dismiss is presented to the trial court, the respondent trial judge is directed to grant the motion.

The writ is made absolute.

WHITE, WOLFF, LAURA DENVIR STITH and TEITELMAN, JJ., concur.

PRICE, J., concurs in part and dissents in part in separate opinion filed.

LIMBAUGH, C.J., and BENTON, J., concur in opinion of PRICE, J.

WILLIAM RAY PRICE, JR., Judge concurring in part and dissenting in part.

I concur with the per curiam majority opinion to the extent that it orders the trial court to allow the Attorney General to dismiss his claim without prejudice. The trial court has authority to tie up any necessary "loose ends" pursuant to Rule 67.05.

I dissent from the majority opinion concerning the motion to intervene filed by David R. Shipley. This motion was filed while the circuit court retained jurisdiction over the case and our rules entrust the decision over whether to allow permissive intervention to the discretion of the trial court, not to us. Rule 52.12(b). *State ex rel. Nixon v. American Tobacco Co.*, 34 S.W.3d 122, 131 (Mo. banc 2000); *Meyer v. Meyer*, 842 S.W.2d 184, 188 (Mo.App.1992).